SULLIVAN, Appellant, vs. KUOLT, Commissioner of Banking, Respondent.

SAME, Respondent, vs. CITIZENS SAVINGS & TRUST COMPANY, Appellant.

WRIGHT, Appellant, vs. KUOLT, Commissioner of Banking, Respondent.

SAME, Respondent, vs. CITIZENS SAVINGS & TRUST COMPANY, Appellant.

WESTERNHAGEN, Executor, Appellant, vs. KUOLT, Commissioner of Banking, Respondent.

SAME, Respondent, vs. CITIZENS SAVINGS & TRUST COMPANY, Appellant.

*January 17—February 3, 1914.*

*Commissioner of banking: Taking charge of insolvent trust company: Title to trust property: Administering trusts: Appointment of new trustee: Procedure.*

1. A receiver, trustee in bankruptcy, or assignee for creditors does not take title to property held in trust, unless by force of some statute, and the same is true of the commissioner of banking when his duties require him to take charge of a trust company because of insolvency or other cause.

Sullivan v. Kuolt, 156 Wis. 72.

2. The purpose for which such commissioner takes charge of a trust company under the statute (sub. 3, sec. 2022, Stats. 1913) is to liquidate its affairs and wind up its business as soon as is consistent with good business management.

3. To do this it is necessary to settle with *cestuis que trustént*, where such exist, and since the commissioner of banking represents the stockholders and creditors generally some one other than he should act as trustee, although, until the appointment of a new trustee, it is his duty to conserve and protect the trust property as far as possible.

4. The insolvency of a trust company and the suspension of its business by the intervention of the commissioner of banking and seizure of its effects incapacitated it from continuing to act as trustee, and required that a new trustee be appointed.

5. No formal action for the appointment of a new trustee is necessary, but the *cestuis que trustent* may apply to the court on notice for such appointment, or the commissioner of banking may himself make the application, and it would become his duty, under the statute, to do so if the *cestuis que trustent* unreasonably delay to make application.

6. Actions having been brought by *cestuis que trustent* against an insolvent trust company and the commissioner of banking to prevent the latter from administering certain trusts, to remove the trust company as trustee and appoint a successor, the complaints in such actions may be treated as petitions or motions addressed to the court for the appointment of a new trustee, form not being of the essence of the matter.

APPEALS from orders of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed on plaintiffs' appeals; affirmed on the appeals of the defendant trust company.*

Actions for the appointment of trustees. Defendants demurred to the complaints. The allegations of the complaints in the three cases, so far as they are material to the point raised by the demurrers, are these: That on October 2, 1913, the commissioner of banking took possession of all the property of the *Citizens Savings & Trust Company* under the banking laws of this state, claiming that it was insolvent, and has still held possession of the same and claims the right so to do. That, in the *Sullivan* case, among the assets that came into

his hands through the *Citizens Savings & Trust Company* was a trust deed executed by the Clark Realty Company to secure certificates issued by it; that plaintiff, *Sullivan,* had left money with the *Citizens Savings & Trust Company* to be invested in good, safe, interest-bearing securities to be selected by it, but that, instead of investing the money as directed, it had purchased Clark Realty Company certificates for the same; that the Clark Realty Company was owned and controlled by the owners of the *Citizens Savings & Trust Company,* was insolvent, and that the security was inadequate. In the *Wright* case the allegations are that the *Citizens Savings & Trust Company* was appointed by the county court of Milwaukee county trustee under the will of one Luscombe, and that, as such trustee, it invested money belonging to the trust estate in Clark Realty Company bonds secured by a trust deed, followed by allegations of the insolvency of the Clark Realty Company and inadequacy of security, as in the *Sullivan* case. In the *Westernhagen* case it is alleged that plaintiff, as executor, owns a bond of the Kaukauna Gas, Electric Light & Power Company, secured by a trust deed or mortgage executed by it to the *Citizens Savings & Trust Company;* that the security is inadequate; and that, as plaintiff is informed and believes, the Kaukauna Gas, Electric Light & Power Company is insolvent.

Each complaint alleges the insolvency of the *Citizens Savings & Trust Company;* that the *cestuis que trustent* are numerous and scattered; and that the defendant *Kuolt,* as such commissioner of banking, claims that he is entitled to administer the trusts under the trust deeds or mortgages mentioned, as the successor in trust of the said *Citizens Savings & Trust Company,* and each prays that the court remove the *Citizens Savings & Trust Company* as trustee, adjudge that *Kuolt,* as such commissioner of banking, has no right to administer said trusts, and that another suitable trustee be appointed.

To each complaint the defendant *Kuolt* and the *Citizens Savings & Trust Company* separately demurred. Each demurrer of the defendant *Kuolt* was sustained and each demurrer of the *Citizens Savings & Trust Company* was overruled. Each plaintiff appealed from the order sustaining the defendant *Kuolt's* demurrer, and the defendant the *Citizens Savings & Trust Company* appealed from each order overruling its demurrer.

*Frank M. Hoyt, Jackson B. Kemper,* and *George Lines,* for the plaintiffs.

For the respondent *Kuolt* and the appellant *Citizens Savings & Trust Company* there was a brief by *Flanders, Bottum, Fawsett & Bottum,* attorneys, and *James G. Flanders,* of counsel, and oral argument by *Mr. Flanders* and *Mr. Charles E. Monroe.*

VINJE, J. The question raised by the demurrer of the defendant *Kuolt* is whether he succeeds to the execution of the several trusts set out in the respective complaints by virtue of his having taken charge of the property and business of the *Citizens Savings & Trust Company* pursuant to the laws of the state. If he does, it must be by reason of some statutory provision, either express or implied, for, in the absence of such statutory provision, a receiver does not take title to property held in trust. *Le Roy v. Globe Ins. Co.* 2 Edw. Ch. 657; High, Receivers (4th ed.) § 444; 5 Thompson, Corp. (2d ed.) § 6602. Neither does a trustee in bankruptcy. 1 Perry, Trusts (6th ed.) §§ 58, 345. Nor an assignee under a voluntary assignment for the benefit of creditors. 5 Cyc. 566; 1 Perry, Trusts (6th ed.) § 336. So whether we regard the commissioner of banking as a receiver, trustee, or assignee, he does not succeed to the execution of the trust in question unless he does so by force of statute.

A careful examination of the laws upon the subject fails to disclose any such statutory provisions, either express or

implied.   The *Trust Company* was engaged in business of
various kinds, among others that of executing trusts, whether
such duty was imposed upon it by a court, by agreement of
private parties, or by operation of law.   Whenever in the
opinion of the commissioner of banking it becomes insolvent
or unsafe, it is his duty to take charge of its property and
business.   But for what purpose does he take charge of it?
The statute is explicit on this point.   It is for the purpose of
*liquidating* it, and not for the purpose of carrying it on.   Sub.
3, sec. 2022, Stats. 1913, provides: "Upon taking possession
of the property and business of such . . . corporation, the
commissioner is authorized to collect moneys due to such
. . . corporation, and do such other acts as are necessary to
conserve its assets and business, and shall proceed to *liqui-
date* the affairs thereof," as in the act provided.   The whole
statutory scheme is to wind up the business of the insolvent
corporation as soon as is consistent with good business man-
agement.   But it must be liquidated and closed, that being
the purpose for which possession is taken.   To do that, he
must settle with the *cestuis que trustent,* or a new trustee,
and turn over the unexecuted part of the trust to them or him.
He must also settle with every other creditor of the *Trust
Company.*   This implies two parties: on the one hand the
commissioner of banking, representing the stockholders of the
*Trust Company* as well as the creditors generally, and on the
other, the party settled with—in the case of numerous *cestuis
que trustent,* most conveniently their trustee.   The statute
does not contemplate that he should represent both parties
in the liquidation.   Very conflicting interests might arise.
Whenever a claim is contested, the commissioner of banking,
acting as receiver, assignee, or general trustee, represents the
stockholders and the rest of the creditors, and some one other
than he ought to represent the claimant.   While the statute,
sec. 2022, sub. 2, contemplates that the corporation whose
property and business has been taken possession of by the

commissioner of banking may be permitted to resume business, it nowhere contemplates that the commissioner of banking shall carry it on or continue it longer than reasonably necessary to effect liquidation. Some of the trusts set out in the complaint will by their terms continue for many years and call for duties wholly foreign to that of the commissioner of banking.

Of course upon taking possession the commissioner of banking holds all the property and business of the corporation, including trust property, for a reasonable time until new trustees can be appointed to take charge of and execute the various trusts. And while he so holds the trust property, it is his duty to conserve and protect it as far as possible until new trustees can be appointed.

No formal action for the appointment of new trustees is necessary. The *cestuis que trustent* may by notice and motion apply to the court for the appointment thereof; or the commissioner of banking may himself upon notice move for their appointment. To do so would become his duty under the statute if the *cestuis que trustent* unreasonably delayed to make application, for he is charged with the obligation of winding up the trust business of the insolvent corporation. In the present case the complaints may be considered petitions or motions addressed to the court for the purpose of securing the appointment of new trustees. Form is not the essence of the matter.

Upon the appeal of the *Citizens Savings & Trust Company* it is clear the circuit court properly overruled its several demurrers. When the commissioner of banking took possession of its property and business it became, for the time being at least, incapable of acting as trustee, and it could become capable of resuming such duties only upon being allowed to resume its general business. In the instant case the ten days within which under sec. 2022, sub. 9, it could apply to the circuit court for an order enjoining further proceedings, have

long since expired, and plaintiffs' allegations of its insolvency are admitted by the demurrers. So it is evident that its trust duties have wholly ceased. Insolvency and the taking possession of its property and business by the commissioner of banking themselves terminated its trust capacities, and its disqualification to act as trustee still exists.

*By the Court.*—Each order sustaining the demurrers of the defendant *Kuolt* is reversed; each order overruling the demurrers of the *Citizens Savings & Trust Company* is affirmed; and the causes are remanded with directions to overrule each demurrer of the defendant *Kuolt* and for further proceedings according to law.