### STATE ex SQUIRE v
### CLEVELAND TRUST CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15630.  Decided Aug 31, 1937

Herbert S. Duffy, Columbus, and Homer H. Marshman, Cleveland, for plaintiff-appellant.

Horwitz, Kiefer & Harmel, Cleveland, for defendant-appellee.

GUERNSEY, PJ, KLINGER and CROW, JJ, (3rd Dist), sitting by designation.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio.

Albert J. Gilchrist died testate in 1926. His will was probated in the Probate Court of Cuyahoga County, Ohio, on September 22. 1926, and on the same day The Guardian Trust Company, an Ohio corporation with trust powers, was appointed executor. At the time of his death the decedent was the owner of one hundred shares of The Guardian Trust Company stock. Fifty shares was paid to his wife as a legatee, leaving fifty shares remaining in the estate. These fifty shares remained in the estate continuously at all times material hereto.

In 1929 there was a twenty-five percent stock dividend on these shares and as a result thereof the estate received twelve and one-half additional shares. Due to the existence of the fractional share a remaining one-half share was purchased from Mrs. Gilchrist, the decedent's widow and the life tenant in the estate.

At the same time the owners of stock were given right to purchase stock and in accordance with this right The Guardian Trust Company, as representative of the estate, purchased twenty additional shares at three hundred dollars per share, making a total of eighty-three shares. The market price at the time of purchase was between four hundred and five hundred dollars per share, and the obtaining of the shares at three hundred dollars a share at this time was presumably an advantageous purchase by the estate.

The Guardian Trust Company continued to be executor of said estate until May 31, 1934, as hereinafter mentioned but on the 15th day of June, 1933, The Guardian Trust Co., pursuant to the provisions of §710-89 et seq. GC was taken over by the Superintendent of Banks of Ohio because of its unsound condition, and notice thereof posted and given as provided in §710-90 GC.

The Probate Court did not at any time allow additional time for the collection of assets of said estate.

On July 15, 1933, the Superintendent of Banks ascertained that it was necessary to assess super-added liability upon The Guardian Trust Company stock and made such assessment on August 1, 1933, due and payable September 15, 1933.

Pursuant to the provisions of §710-91, GC, the Superintendent of Banks in his official capacity took possession of the assets of said estate, and no administrator in the meanwhile having been appointed to succeed The Guardian Trust Company as executor of said estate, continued in the custody thereof from July 15, 1933 until May 31, 1934, at which time The Guardian Trust Company was formally removed as executor of said estate and The Cleveland Trust Company was appointed and qualified as administrator de bonis non with the will annexed, of said estate.

On August 6, 1934, being more than two months after the appointment and qualification of The Cleveland Trust Company as administrator d.b.n.w.w.a., claim was made by S. H. Squire as superintendent of banks of Ohio, in charge of the liquidation of The Guardian Trust Company of Cleveland, Ohio on The Cleveland Trust Company as such administrator for the amount of the assessments on the stock of said Guardian Trust Company standing on the books of said company in the name of said decedent and said estate, being a total of 83 shares made up as follows:

(1) 50 original shares.

(2) 12½ shares stock dividend.

(3) ½ share purchased from Mrs. Gilchrist, life tenant.

(4) 20 shares purchased as a result of rights.

The Cleveland Trust Company on August 18, 1934, rejected the claim and on August 23, 1934, action was instituted by the State of Ohio on relation of S. H. Squire, as Supt. of Banks of Ohio in charge of the liquidation of The Guardian Trust Company of Cleveland, Ohio, as plaintiff, against The Cleveland Trust Company, administrator d. b.n.w.w.a. of the estate of Albert J. Gilchrist, deceased, as defendant, to recover

the amount of said assessment and claim, to-wit, the sum of $8300.00 plus interest from September 15, 1933.

In its answer, supplemental answer and answer to the amended petition, the defendant, among other defenses, pleaded that the action is barred by the period of limitation provided in §10509-144 GC, by reason of the fact that the action was not brought within the time allowed by law as provided in said statute.

A jury having been waived, the cause was submitted to the trial court, upon stipulation of facts supplemented by some oral testimony. The trial court found for the defendant on all issues raised and motion for new trial, having been filed and overruled, judgment was entered in favor of defendant accordingly, and it is from this judgment that the appeal on questions of law is taken.

There are a number of assignments of error but as in the view we take of the case the consideration of the first assignment of error disposes of the entire case we have limited our consideration of the case to this assignment of error and have only stated such facts in connection with the case as relate to this assignment of error.

The assignment of error referred to is:

(1). The Court of Common Pleas erred in holding as a matter of law that said action of the plaintiff was barred by the probate claims statutes and particularly §10509-144 GC.

It will be noted from the statement of facts that Gilchrist died in 1926 and his will was probated and The Guardian Trust Company was appointed and qualified as executor thereof on September 22, 1926 and continued to act as such executor until the 15th day of June, 1933, when The Guardian Trust Company was taken over for liquidation by the Superintendent of Banks of Ohio; and that the Supt. of Banks took possession of the assets of said estate in the hands of The Guardian Trust Company as executor thereof on July 15, 1933 and continued in the custody thereof until May 31, 1934, at which time defendant, The Cleveland Trust Company was appointed administrator de bonis non with the will annexed and as such administrator took possession thereof and proceeded with the administration of said estate. The period elapsing between the appointment of The Guardian Trust Company as executor and the date The Guardian Trust Company was taken over for liquidation by the Superintendent of Banks was almost nine years. The assessment of stockholders' liability

by the Superintendent of Banks was ascertained on July 15, 1933, and assessed on August 1, 1933, payable September 15, 1933, and occurred during the period the Superintendent of Banks had the custody of the assets of said estate, in conformity with the provisions of §§710-89 and 710-91 GC.

In this situation it is necessary to determine the status of the estate during its custody, under the provisions of said sections, by the Superintendent of Banks, preliminary to determining the applicability of the statute of limitations provided in §10509-144 GC.

In Hogart, Trusts and Trustees, Volume 3, §531, page 1685, it is stated that trustees, receivers or other officials appointed to wind up the affairs of a corporate trustee have no authority to execute the trust.

Three cases are cited in support of this proposition in which state officers performing duties similar to the duties performed by the Superintendent of Banks under the laws of Ohio, had taken possession of the property and assets of trust companies for the purpose of liquidation, to-wit, Sullivan v Koualt, Commissioner of Banking et al, Supreme Court of Wisconsin, Feb. 3, 1914, 145 NW 210; Young, Special Deputy Banking, etc., Commissioner v Bankers Trust Co., Recr., et al, Court of Appeals, Kentucky, 1933, 61 SW (2nd Series) 904; Mitchell, Chief State Bank Examiner v Shuford, Supreme Ct. North Carolina, 1931, 156 SE 513.

In all these cases it is held that officers performing duties similar to the duties performed by the superintendent of banks under the laws of Ohio, taking possession of trust company for the purpose of liquidation, does not succeed to the trusteeship of the various trusts of which the trust company is trustee and that the sole duty of the officer with reference to such trust property is to hold and conserve the same until new trustees can be appointed and to render an account thereof, his duty being similar to that of the administrator or executor of a deceased personal representative or of an administrator of a deceased trustee or assignee for the benefit of the grantor's creditors.

A trust company acting under appointment of Probate Court as executor of the estate of a deceased person must in the performance of its duties exercise discretionary powers in relation to the corpus of the trust and where by operation of law the custody of the corpus of the trust and the duty of accounting therefor is taken from the company and vested in the superintendent

of banks, all the powers of the corporation as such trustee by reason of its inability to exercise discretionary powers in relation to the trust must necessarily cease, and so both by force of the provisions of §§710-89 and 710-91 GC, and by operation of the general rules of law applicable thereto, the powers of a trust company to administer trusts under the laws of Ohio are immediately suspended and cease upon the superintendent of banks taking possession of the property and assets of a trust company for the purpose of liquidation. The custody of the trust property immediately devolves upon the superintendent of banks and after the superintendent takes such possession and custody the trust company can neither allow nor reject claims against the trust estate nor sue nor be sued with reference thereto.

Applying these rules of law to the facts of the case at bar, it is obvious that neither The Guardian Trust Company nor the superintendent of banks was empowered during the period from June 15, 1933, the date the trust company was taken over by the superintendent of banks to May 31, 1934, the date The Cleveland Trust Company was appointed administrator de bonis non with the will annexed of the estate of Gilchrist, to allow or reject claims against such estate or to sue or be sued in relation to the same, and that consequently from the time the assessment was made by the superintendent of banks on July 15, 1933, until the appointment of The Cleveland Trust Company as administrator de bonis non there was no one having authority in law either to allow or reject the claim of the superintendent of banks against the Gilchrist estate arising out of the assessment or to be used on account thereof, and for the reasons mentioned the superintendent of banks during such period could not maintain an action thereon.

In the opinion in the case of Leonard v Mahoning Township, 8 Watts 561, it is stated:

"Statute of Limitations does not and was never intended that it should apply to claims for the recovery of which the party entitled thereto could not maintain an action."

And this statement is quoted with approval in the case of Taylor et v Thorn, Admr., 29 Oh St 569, at page 574.

Under this rule, any statute of limitations relating either to the presentment of the claim to the executor or the bringing of suit against the executor on the claim was tolled and inoperative against the superintendent of banks. The assessment against the Gilchrist estate having been made during such period the statute of limitations relating to the presentment of claim and suit thereon did not become operative until May 31, 1934, upon the appointment of The Cleveland Trust Company as administrator de bonis non with the will annexed.

The question for determination then is whether the action brought on this claim on August 23, 1934, following presentment of the claim to The Cleveland Trust Company on August 6, 1934, and rejection by it on August 18, 1934, all of which occurred more than sixty days after May 31, 1934, the date of the appointment of the administrator de bonis non with the will annexed, is barred by the statute of limitations applicable to a claim of a creditor whose cause of action accrues before such estate is administered and after the expiration of nine months following the date of the appointment of an executor of such estate, it being conceded in this case that no further time had been allowed by the court to the original executor for the collection of the assets of the estate.

From a perusal of the statute of limitations relating to the presentment of claims and suits on claims against the estates of decedents, it will be noted that two classes of claims are recognized, the first, claims, whether due or not due, accrued or accruing within nine months following the appointment of an executor or administrator thereof, and any further time that may be allowed by the court for the collection of the assets of the estate; and, second, claims of creditors whose causes of action accrue before such estate is fully administered and after the expiration of nine months following the date of such appointment of such executor or administrator, and in such further time allowed by the court for the collection of the assets of the estate. The first class of claims come within the provisions of §§10509-112, 10509-133 and 10509-134 GC and both the first and second class of claims come within the provisions of §10509-144, GC, which reads as follows:

"No executor or administrator shall be held to answer to the suit of any creditor of the deceased unless it be commenced within two months after the expiration of nine months following his appointment

and any further time allowed by the court for the collection of the assets of the estate, except as otherwise provided by law. a creditor whose cause of action accrued before such estate is fully administered and after the expiration of nine months following the date of the appointment of such executor or administrator and any further time allowed by the court for the collection of the assets of the estate, may begin and prosecute such action within two months after the accruing of such cause and before the estate is fully administered. No cause of action against an executor or administrator shall be barred by lapse of time, until the expiration of two months from the time it accrues."

It will be noted that there is no specific provision relating to the presentment of the second class of claims but there are specific provisions that a creditor having a claim of the second class may begin and prosecute such action within two months after the accruing of such causes and before the estate is fully administered, and that no cause of action against an executor or administrator shall be barred by lapse of time until the expiration of two months from the time it accrues.

It is, however, contended by appellant that claims of the second class mentioned also come within the provisions of §10509-153 GC, which reads as follows:

"When an executor or administrator dies, resigns, is removed, or his letters are revoked, or his powers have ceased, without fully having administered the goods and estate of the deceased, and a new administrator of the estate is appointed, the time allowed to the creditors for bringing their actions shall be enlarged, as follows: To so much of the nine months provided for the limitation of the action as expired while the former executor or administrator continued in office, must be added so much time after the appointment of the new administrator as will make nine months; provided however the new administrator shall be liable to the action of the creditors for the period of four months after his appointment, although the whole time allowed to the creditors be thereby extended beyond such nine months."

It will be noted that all of this section except the proviso at the end thereof is merely a restatement of the general rules of law hereinbefore set forth applicable to cases where the statutes of limitations are

tolled during the period the person entitled to the claim could not maintain an action by reason of the fact no legal representative existed against whom an action could be brought; and the proviso has the effect of fixing a minimum period in which such action may be brought when the statute of limitations again become operative.

It will further be noted that the provisions of this section apply only to the first class of claims above mentioned that ▬▬▬▬ have accrued or may accrue ▬▬▬▬ ▬ within nine months from the appointment of the original executor or administrator and any further time allowed by the court for the collection of the assets of the estate, and have no application whatever to claims of the second class similar to the claim in the case at bar which accrue subsequent to the expiration of nine months from the appointment of the administrator and any further time allowed by the court for the collection of the assets of the estate. As the claim in the case at bar is a claim of the second class, the provisions of §10509-153 GC, including the proviso at the end of such section, have no application to it and it is governed solely by the provisions of §10509-144 GC and this action not having been brought within two months after the appointment of the Cleveland Trust Company as administrator de bonis non with the will annexed, the date the claim accrued as hereinbefore mentioned, is barred by the provisions of §10509-144 GC.

For the reasons mentioned the judgment of the Court of Common Pleas will be affirmed at costs of appellant and the cause remanded for execution. Exceptions are saved to the appellant.

KLINGER, J, concurs.
CROW, J, dissents.

## DISSENTING OPINION

By CROW, J.

I disagree with the majority on the sole ground that the applicable limitation lies within §10509-153 GC, and that plaintiff was clearly entitled to recover at least as to the fifty shares.

The last clause of that section referred to in the majority opinion, as the proviso, falls within the exceptions "as is otherwise provided by law" in §10509-144 GC, when regard is had to the words, "the time allowed to the creditors for bringing their

**actions** shall be enlarged" in §10509-153 GC.

We mention, however, that the latter section and §10509-144, GC, were repealed and §§10509-133 and 10509-138 GC amended, by the Act in 116 Ohio State Laws, at pages 385 and following, without of course affecting the instant case, but as indicative of the presumed legislative contemplation of the meaning of all said original sections at the time the act above mentioned as passed.