By the Court.
 

 The question presented is whether the Superintendent of Banks can be compelled, by an action for an equitable accounting, to account to a successor trustee for the acts of a trust company which is in his charge for purposes of liquidation.
 

 The office of Superintendent of Banks is of statutory creation and the powers and duties of the incumbent thereof must likewise be statutory or they do not exist.
 
 Sullivan
 
 v.
 
 Kuolt, Commr. of Banking,
 
 156 Wis., 72, 145 N. W., 210.
 

 Section 710-89
 
 et seq.,
 
 General Code, ^prescribe the procedure for the adjustment of claims of creditors
 
 *283
 
 and for the liquidation of banks by the Superintendent of Banks. There is no authority in our statutes for the Superintendent of Banks, as liquidator, to assume the office of trustee, or to account for the acts of the insolvent trustee. He does not become the
 
 alter ego
 
 of the banking institution. He assumes none of the functions, performs none of the duties, and exercises none of the powers of the bank as a trustee of the trusts which the institution was handling. On the contrary, with respect to the corpus of the trusts handled by such institution, the Superintendent of Banks is merely a custodian, pending the appointment of a successor trustee.
 

 Upon insolvency of a banking and trust company and the appointment of the Superintendent of Banks as liquidator thereof, the fiduciary office of trustee of express trusts does not descend upon the liquidator, but becomes and remains vacant until a successor trustee is duly appointed and qualified. See
 
 In re Strasser,
 
 220 Ia., 194, 262 N. W., 137, 102 A. L. R., 117;
 
 Pouncey
 
 v.
 
 Fidelity Natl. Bank & Trust Co.,
 
 85 F. (2d), 486;
 
 Young, Commr.,
 
 v.
 
 Bankers’ Trust Co.’s Recr.,
 
 250 Ky., 1, 61 S. W. (2d), 904; and
 
 Sullivan
 
 v.
 
 Kuolt, Commr. of Banking, supra.
 

 As to cause No. 27980, the decision of the Court of Common Pleas sustaining the demurrer was proper, as was likewise the action of the Court of Common Pleas in case No. 27981 in striking out the allegations of the petition, upon which an action for ^accounting was based.
 

 The claim filed with the Superintendent of Banks in case No. 27981, based upon the loss sustained from the purchase of the participation certificates, is not in issue here. Consequently, we do not pass upon that point in this opinion.
 

 
 *284
 
 The judgment of the Court of Appeals in each case is therefore affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Day, Zimmerman and Hart, JJ., concur.
 

 Williams, J., dissents.
 

 Matthias, J., not participating.