[Cite as *State v. Hosseinipour*, 2014-Ohio-1090.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MORTEZA HOSSEINIPOUR | : | Case No. 13 CAA 05 0046 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 12 CR I 02 0080



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 March 18, 2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ERIC C. PENKAL                            ELIZABETH N. GABA
140 North Sandusky Street                 1231 East Broad Street
Delaware, OH  43015                       Columbus, OH  43205

*Farmer, J.*

{¶1}   On February 24, 2012, the Delaware County Grand Jury indicted appellant, Morteza Hosseinipour, on three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, one count of rape in violation of R.C. 2907.02, and six counts of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323.

{¶2}   On February 5, 2013, appellant entered *Alford* pleas to two counts of attempted illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(1) and 2923.02.   The remaining counts were nolled.   By judgment entry on sentence filed May 14, 2013, the trial court sentenced appellant to an aggregate term of two years in prison, and classified him as a Tier II sex offender.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION TO DISMISS THESE COUNTS OF THE INDICTMENT.   THE CHARGES ARE SO ILL-DEFINED THAT THE DEFENDANT DOES NOT KNOW WHAT HE IS DEFENDING AGAINST, IN VIOLATION OF HIS 5TH AND 6TH AMENDMENT RIGHTS AND THE STATUTES ARE VAGUE, OVERBROAD AND UNCONSTITUTIONAL.   IN THE EVENT THAT THIS COURT FINDS THAT THE STATE DOES NOT HAVE TO PROVE THAT AN ELEMENT OF THE "NUDITY" MUST REFER TO A "LEWD EXHIBITION OF THE GENITALS" (AS DEMANDED, FOR EXAMPLE, IN *STATE V. KERRIGAN*, 168 OHIO APP.3D 455, 2006-OHIO-4279),

THEN THE STATUTES R.C. 2907.323(A)(1) AND (A)(3) ARE UNCONSTITUTIONAL IN THEIR VAGUENESS AND OVERBREADTH."

II

{¶5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND THE DEFENDANT-APPELLANT GUILTY OF THESE TWO AMENDED COUNTS OF THE INDICTMENT WHEN SAID FINDINGS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT APPLIED AN INCORRECT LEGAL STANDARD IN EVALUATING THE EVIDENCE.  HOLDING THESE PHOTOS TO HAVE "LEWD CONTENT" AND ILLEGAL TO "RECKLESSLY POSSESS" OR "RECKLESSLY TRANSFER", IS BOTH WRONG AND UNCONSTITUTIONAL.  THIS ACTION WAS IN VIOLATION OF APPELLANT'S 5TH AND 14TH AMENDMENT RIGHTS, AND FURTHER VIOLATED HIS RIGHTS UNDER THE EQUAL PROTECTION CLAUSE."

III

{¶6} "THE TRIAL COUT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT PERMITTED THE SELECTIVE OR DISCRIMINATORY ENFORCEMENT OF A PENAL STATUTE, IN VIOLATON OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS THE DUE COURSE OF LAW PROVISION AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION.  SEC. 2907.323(A)(1) IS UNCNSTITUTIONAL NOT JUST "ON ITS FACE", BUT "AS APPLIED"."

IV

{¶7}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED HIS MOTION TO SUPPRESS THE EVIDENCE SEIZED DURING THE SEARCH OF THE APPELLANT'S HOME AND SEARCH OF THE APPELLANT'S COMPUTERS AND P.D.A.  THE SEARCHES CONDUCTED EXCEEDED THE SCOPE OF THE AUTHORITY GRANTED BY THE WARRANTS, THE WARRANTS WERE OTHERWISE DEFECTIVE, AND THERE WAS NO CONSENT TO SEARCH.  THE SEARCHES VIOLATED THE DEFENDANT'S RIGHTS SECURED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I, SECTION 14, OF THE OHIO CONSTITUTION AND FURTHER VIOLATED CRIMINAL RULE 41 AND R.C. 2933.23, 2933.24, AND 2933.25."

V

{¶8}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY SENTENCING THE DEFENDANT TO 2 YEARS ON EACH F3, COMPLETELY IGNORING THE P.S.I.  THIS SENTENCE VIOLATED DEFENDANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, §§1, 5, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION."

I

{¶9}   Appellant claims the trial court erred in denying his motion to dismiss the illegal use of a minor in nudity oriented material or performance counts because the statute, R.C. 2907.323, is unconstitutionally vague and overbroad.  We disagree.

{¶10} Appellant pled to two counts of attempted illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(1) and 2923.02(A) which state the following, respectively:

(A) No person shall do any of the following:

(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall

engage in conduct that, if successful, would constitute or result in the offense.

{¶11} Appellant's convictions for attempted illegal use of a minor in nudity oriented material or performance stemmed from two photographs sent to him from a fifteen year old girl. One photograph depicted the girl topless, and the second photograph depicted an exposed nipple. The core of appellant's argument is that the holding in *Osborne v. Ohio,* 495 U.S. 103 (1990), in "defining" the phrase "state of nudity," requires a "lewd exhibition of the genitals" and in this case, there is no such showing in the two photographs. Appellant's Brief at 5. In our reading of *Osborne,* we find this argument to be flawed.

{¶12} In *Osborne,* the United States Supreme Court specifically found Ohio's statute, R.C. 2907.323, passed constitutional muster on all issues of vagueness and overbreadth, and was not an unconstitutional violation of the First Amendment. The *Osborne* court did not review R.C. 2907.323(A)(1), the subsection appellant pled to, but subsection (A)(3) which states the following:

(A) No person shall do any of the following:

(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:

(a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or

presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance.

(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred.

{¶13} Both subsections refer to a "state of nudity." Although we are only concerned with a violation under R.C. 2907.323(A)(1), we find the *Osborne* case to be definitive and binding upon the constitutional issues presented sub judice. In *State v. Graves,* 184 Ohio App.3d 39, 2009-Ohio-974 (4th Dist.2009), ¶ 9, out brethren from the Fourth District stated the following:

Before we go further, we point out that both *Young* and *Osborne* involved R.C. 2907.323(A)(3), not subsection (A)(1). However, this fact makes no difference for purposes of our analysis. This court has previously held that the same "lewd" or "graphic focus on the genitals" that both Supreme Courts applied to an (A)(3) offense applies equally to an (A)(1) offense. See *State v. Walker* (1999), 134 Ohio App.3d 89, 94, 730

N.E.2d 419; *State v. Steele* (Aug. 21, 2001), Vinton App. No. 99CA530, 2001 WL 898748.

{¶14}  The *Osborne* holding gives a green light to Ohio's statutory scheme:

The Ohio statute, on its face, purports to prohibit the possession of "nude" photographs of minors.  We have stated that depictions of nudity, without more, constitute protected expression.  See *Ferber* [*New York v., 458 U.S. 747*]*, supra,* at 765, n. 18, 102 S.Ct., at 3359, n. 18.  Relying on this observation, Osborne argues that the statute as written is substantially overbroad.  We are skeptical of this claim because, in light of the statute's exemptions and "proper purposes" provisions, the statute may not be substantially overbroad under our cases.***However that may be, Osborne's overbreadth challenge, in any event, fails because the statute, as construed by the Ohio Supreme Court on Osborne's direct appeal, plainly survives overbreadth scrutiny.  Under the Ohio Supreme Court reading, the statute prohibits "the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged." 37 Ohio St.3d, at 252, 525 N.E.2d, at 1368.***By limiting the statute's operation in this manner, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous

photographs of naked children.  We have upheld similar language against overbreadth challenges in the past.   In *Ferber,* we affirmed a conviction under a New York statute that made it a crime to promote the " 'lewd exhibition of [a child's] genitals.' " 458 U.S., at 751, 102 S.Ct., at 3351. We noted that "[t]he term 'lewd exhibition of the genitals' is not unknown in this area and, indeed, was given in *Miller [v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973),] as an example of a permissible regulation." *Id.,* at 765, 102 S.Ct., at 3359.

*Osborne,* 495 U.S. 103 at 112-114.

{¶15} Upon review, we find R.C. 2907.323(A)(1) is constitutional, and the prohibited activity bans lewd exhibition with no necessity to establish the exhibition of genitals.

{¶16}  Assignment of Error I is denied.

II

{¶17}  Appellant claims his convictions for attempted illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(1) and 2923.02, as cited above, were against the manifest weight of the evidence as the two photographs did not meet the definition of child pornography.  We disagree.

{¶18}  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶19} It is appellant's position that the two photographs do not show sexual activity or a lewd exhibition of genitals. Appellant again argues there must be proof of "lewd exhibition of genitals" when the statute does not require such. It is clear that *Osborne* found the statute constitutional as written, including the mens rea of recklessness, and dispelling the argument that there are no innocent photographs of childhood nudity i.e., "a family friend's possession of an innocuous picture of an unclothed infant." *Osborne,* 495 U.S. 103 at 115 and fn. 11.

{¶20} The gravamen of this assignment of error is whether the photographs depict nudity in a lewd exhibition.

{¶21} The photographs, State's Exhibit I, were presented to this court under seal. It is clear the photographs depict a partially clothed girl with her breasts exposed.

{¶22} R.C. 2907.01(H) defines "nudity" as: "the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple, or of covered male genitals in a discernibly turgid state."

{¶23} We conclude the photographs depict nudity. As to a lewd exhibition, the subject is posed; therefore, the photographs are an exhibition. The posed partially

clothed subject is not in a normally posed fashion. The poses are inherently sexual as the subject arched her back and fully exposed her breasts. These photographs are similar to images portrayed in "Playboy" whose main purpose is to exhibit sexual behavior that approaches sexual innuendo.

{¶24} Upon review, we find the convictions for attempted illegal use of a minor in nudity oriented material or performance were not against the manifest weight of the evidence.

{¶25} Assignment of Error II is denied.

III

{¶26} Appellant claims he was selectively prosecuted. We disagree.

{¶27} As the state points out, this issue was never raised to the trial court and therefore, there is no evidence pro or con on the issue of selective or discriminatory prosecution.

{¶28} An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶29} In *State v. Flynt,* 63 Ohio St.2d 132, 134 (1980), the Supreme Court of Ohio explained the following:

The conscious exercise of some selectivity in enforcement is not in itself, however, a violation of the United States Constitution. *Oyler v. Boles* (1962), 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446. In order for selective enforcement to reach the level of unconstitutional discrimination the discrimination must be "intentional or purposeful." *Snowden v. Hughes* (1944), 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497. This concept of "intentional or purposeful discrimination" was explained in *United States v. Berrios* (C.A.2, 1974), 501 F.2d 1207, 1211, as follows:

"To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as 'intentional and purposeful discrimination.' " This test has been recognized by numerous courts. (Citations omitted.)

{¶30} With no record established as to prosecutions of R.C. 2907.323 in the county, we are unable to address even the plain error standard.

{¶31} Again, in this assignment of error, appellant harkens back to the same arguments as to vagueness and overbreadth in Assignments of Error I and II.

{¶32} Based upon our analysis of the statute, the case law, and the evidence, we find the arguments hereunder to be unsupported. Appellant argues it was harmless to merely open an email and view the photographs. However, appellant did not only view the photographs, but saved and stored them on his computer. Appellant's actions fly in the face of his claim of innocent perusal.

{¶33} Upon review, we find appellant was not selectively prosecuted.

{¶34} Assignment of Error III is denied.

IV

{¶35} Appellant claims the trial court erred in denying his motion to suppress as the search warrants executed to seize his property and search the contents of said property lacked probable cause, lacked a nexus between the alleged criminal activity and the requested searches, were overbroad, and were the result of an illegal search. We disagree.

{¶36} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State*

*v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger*. As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶37} As explained in *State v. Jordan,* 101 Ohio St.3d 216, 2004-Ohio-783, ¶ 37-38:

> In *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527, the United States Supreme Court reviewed the sufficiency of probable cause in an affidavit requesting a search warrant. The Supreme Court held: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Accord *State v. George* (1989), 45 Ohio St.3d 325, 544

N.E.2d 640, paragraph one of the syllabus. In *Gates,* 462 U.S. at 235, 103 S.Ct. 2317, 76 L.Ed.2d 527, the court elaborated that the standard of probable cause is only the probability, and not a prima facie showing, of criminal activity.

Moreover, "[i]n conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *George,* 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus, following *Illinois v. Gates.*

{¶38} Two search warrants were issued in this case; the first on February 16, 2010, and the second on February 18, 2010.

{¶39} The February 16, 2010 search warrant issued by Judge David Sunderman included the following language in pertinent part:

A search of said person, building, place, or vehicle, will be executed within three (3) days after issuance of this warrant, the said premises being in the County of Delaware, Ohio, aforesaid, and diligently search for said goods, chattels, or articles, to wit, pursuant to 2933.21 of the Ohio Revised Code, and Rule 41 of the Ohio Rules of Criminal Procedure, evidence of the commission of the criminal offense of Rape, section 2907.02 of the Ohio Revised Code, Gross Sexual Imposition section

2907.05 of the Ohio Revised Code and Unlawful Sexual Conduct involving a minor, section 2907.04 of the Ohio Revised Code; all indicia, documents, and records showing ownership or rights of possession of the residence of Morteza Hosseinipour 8094 Trial Lake Drive, Liberty Township, Powell, Ohio 43065.

Any or all of the above-described records may be stored by means of computerized information system(s) computers.

You are further commanded to bring the same or any part thereof, found on such search, forthwith before me, or some other judge of this court having cognizance thereof, to be disposed of and dealt with according to law. In lieu, therefore, you are authorized to retain such seized property and evidence in the property room of the Powell Police Department.

{¶40} The search warrant affidavit of Detective Darren Smith of the Powell Police Department that was presented to Judge Sunderman included a recitation of a report made by the victim to another police officer in the Powell Police Department, Officer Boruchowitz (Report No. 09-1285). This report included descriptions of various non-consensual sexual activities between appellant and the victim, and numerous emails the victim received from appellant. The affidavit explained that the emails were tracked from appellant to the victim via a subpoena to Time Warner Cable Company. Time Warner records confirmed the emails were sent to the victim from accounts belonging to appellant.

{¶41} Standing alone, on its face, the affidavit for the first search warrant established a nexus between the alleged criminal activity and the seizure of "computerized information system(s) computers" because of the emails appellant had sent to the victim, the victim's assertions of unlawful sexual conduct, and the records of Time Warner.  The issuance of the first warrant met the parameters of probable cause and was not overbroad.

{¶42} The second search warrant dated February 18, 2010 requested the seizure of specific information stored within the computers seized during the execution of the first search warrant:

A search of said person, building, place, or vehicle, will be executed within three (3) days after issuance of this warrant, the said premises being in the County of Delaware, Ohio, aforesaid, and diligently search for said goods, chattels, or articles, to wit, pursuant to 2933.21 of the Ohio Revised Code, and Rule 41 of the Ohio Rules of Criminal Procedure, evidence of the commission of the criminal offense of Rape, section 2907.02 of the Ohio Revised Code, Gross Sexual Imposition section 2907.05 of the Ohio Revised Code and Unlawful Sexual Conduct involving a minor, section 2907.04 of the Ohio Revised Code; to wit: information that might be stored in the following items, Dell 830 computer S/N# 588SF31, Sony Clie S/N# 28936031-4041721, Dell Laptop S/N# 5YQTF31, and a H.P. Laptop S/N# CND9041DSP.

You are further commanded to bring the same or any part thereof, found on such search, forthwith before me, or some other judge of this court having cognizance thereof, to be disposed of and dealt with according to law. In lieu, therefore, you are authorized to retain such seized property and evidence in the property room of the Powell Police Department.

{¶43} The return of the first search warrant included an inventory sheet listing the specific computers named in the second search warrant. The second search warrant was not overbroad.

{¶44} The crux of appellant's argument relative to the second search warrant is that somehow appellant's computer files were opened illegally without a search warrant. Appellant's Brief at 23 and 25.

{¶45} Although there is no definitive ruling on the record or in the docket as to the trial court's decision regarding the motion to suppress and this issue, during the suppression hearing, the trial court stated appellant had failed to establish evidence of such unlawful action. May 4, 2012 T. at 124-128.

{¶46} In issuing the second search warrant, the trial court granted an extension of the three day execution rule under Crim.R. 41(C)(2). May 4, 2012 T. at 88. The return of the second search warrant indicates the information on the computers was not obtained by an FBI specialist until April 2, 2010. The salient fact absent and ignored by appellant is that the computers were already in police possession via the first search warrant as evidenced by the inventory sheet attached to the return of said warrant. Any

delay in actually retrieving the information from the computers did not prejudice appellant nor infringe upon his Fourth Amendment rights.

{¶47} Appellant also claims that under R.C. 2933.53, Judge Sunderman did not have the authority to issue the second search warrant as he was a municipal court judge and not a court of common pleas judge. R.C. 2933.53 applies only to "interception" warrants and not to the search of confiscated computers' hard drives and/or emails.

{¶48} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶49} Assignment of Error IV is denied.

V

{¶50} Appellant claims the trial court erred in sentencing him to two years on each count, to be served concurrently. We disagree.

{¶51} Appellant argues the trial court completely disregarded the presentence investigation report as he had no criminal record and there was no evidence of violence. Therefore, the sentences were unreasonable and disproportional.

{¶52} Appellant was convicted of two counts of attempted illegal use of a minor in nudity oriented material or performance, felonies of the third degree. Pursuant to R.C. 2929.14(A)(3)(b), felonies of the third degree shall be punishable by "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶53} In sentencing appellant to twenty-four months on each count, the trial court considered the presentence investigation report among other things, and found appellant did not show remorse, was in a position of trust with the victim who was a

minor, and was fifty-three years old with a legal education and was "very bright." Judgment Entry on Sentence filed May 14, 2013. The trial court weighed all of the factors before it and sentenced appellant to less than the maximum.

{¶54} Appellant took advantage of his position of trust with the victim. February 5, 2012 T. at 46. He was aware that the victim was fifteen years old as he had attended her fifteenth birthday party a few months prior to the sending of the photographs. *Id.* at 26, 29. Appellant saved the photographs and transferred them to various computers. *Id.* at 25, 27-28. A review of the presentence investigation report confirms these facts.

{¶55} Upon review, we find the sentences were not contrary to law, and were not an abuse of discretion. R.C. 2953.08(G)(2); *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912; *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶56} Assignment of Error V is denied.

{¶57} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, PJ. and

Delaney, J. concur.

SGF/sg 131