[Cite as *State v. Bronkar*, 2019-Ohio-1306.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2018-0041 |
| EARL F. BRONKAR, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2017-0243

JUDGMENT: Reversed and Vacated

DATE OF JUDGMENT ENTRY: April 5, 2019

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
BY: GERALD ANDERSON
27 North Fifth St., Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

ELIZABETH GABA
1231 East Broad Street
Columbus, OH 43205

*Gwin, P.J.*

{¶1} Appellant Earl F. Bronkar, Jr. ["Bronkar"] appeals his conviction and sentence after a no contest plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On June 12, 2017, Bronkar was at the Muskingum County Job and Family Services office using a computer. An employee walked by the printer and found pages with images of nude children on it. Bronkar was found to be on a computer displaying a website with nude children on it. Bronkar was told to leave. The employee took the images to her boss and eventually the police were called. The police found Bronkar had a binder with five or seven pages each with multiple images printed on them of nude children and adults. The pictures did not involve the children engaging in sexual activity. (T. Aug. 18, 2017 at 17-18; 24). The pictures did not depict close-ups of the children's genitalia. (Id.). Nor were the children posing in a lewd manner. (T. Aug. 18, 2017 at 18). When the police asked Bronkar, Bronkar explained that he had accidentally gotten onto an unfamiliar website and was attempting to get out of it when the pictures were accidentally printed. (T. Aug. 18, 2017 at 18 -19).

{¶3} Bronkar was indicted on two counts of Illegal Use of a Minor in Nudity Oriented Material or Performance, in violation of R.C. 2907.323(A)(1), each a felony of the second degree; and six counts of Illegal Use of a Minor in Nudity Oriented Material or Performance, in violation of R.C. 2907.323(A)(3), each a felony of the fifth degree.

{¶4} On August 10, 2017, Bronkar filed a Motion to Suppress and a Motion to Dismiss the Indictment. On August 18, 2017, a hearing was held on both of the motions,

which were both denied[1].  None of the pictures were marked as Exhibits and entered into evidence during the hearing on Bronkar's motion to dismiss.

{¶5}    On August 23, 2017, Bronkar pled no contest to count one Illegal Use of a Minor in Nudity Oriented Material or Performance, in violation of R.C. 2907.323(A)(1), a felony of the second degree.  The state agreed to nolle all remaining counts at the time of sentencing.  The state presented evidence regarding the facts of the case at the plea hearing.  None of the pictures were marked as Exhibits and entered into evidence during the plea hearing.  None of the pictures were sealed and made a part of the record for purposes of appellate review.

{¶6}    Bronkar filed for a competency evaluation, was evaluated, and found to be competent.  Bronkar was brought back before the trial court on May 21, 2018, and pled no contest again, to the same plea deal that occurred on August 23, 2017.  Both parties stipulated to the facts as presented during the August 23, 2017, plea hearing.  None of the pictures were marked as Exhibits and entered into evidence during the second plea hearing.  None of the pictures were sealed and made a part of the record for purposes of appellate review.  Bronkar received a sentence of three years in prison, and was required to register as a Tier 3 Sex Offender.

*Assignments of Error*

{¶7}    Bronkar raises three assignments of error,

{¶8}    "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS THESE COUNTS OF THE INDICTMENT.  THE CHARGES ARE SO ILL-DEFINED THAT

---

[1] We note the trial court did not file a Judgment Entry overruling either of the motions.

THE DEFENDANT DOES NOT KNOW WHAT HE IS DEFENDING AGAINST, IN VIOLATION OF HIS 5TH AND 6TH AMENDMENT RIGHTS, AND THE STATUTES ARE VAGUE, OVERBROAD AND UNCONSTITUTIONAL. IN THE EVENT THAT THIS COURT FINDS THAT THE STATE DOES NOT HAVE TO PROVE THAT AN ELEMENT OF THE "NUDITY" FOR R.C. 2907.323(A)(1) AND 2907.323(A)(3) MUST REFER TO A "LEWD EXHIBITION OF THE GENITALS" OR "GRAPHIC FOCUS ON GENITALS", THEN THE STATUTES R.C. 2907.323 (A)(1) AND (A)(3) ARE UNCONSTITUTIONAL IN THEIR VAGUENESS AND OVERBREADTH.

{¶9} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS THE F2 COUNTS OF THE INDICTMENT. THE COUNTS SHOULD HAVE BEEN DISMISSED BECAUSE LEWD EXHIBITION OR A GRAPHIC FOCUS ON THE GENITALS MUST BE AN ESSENTIAL ELEMENT OF THE OFFENSE OF R.C. 2907.323(A)(1) (SEE LANZINGER AND O'NEILL DISSENTS, *STATE V. MARTIN*) OTHERWISE THE STATUTE DOES NOT SURVIVE CONSTITUTIONAL SCRUTINY. IN PARTICULAR, R.C. 2907.323(A)(1) IS UNCONSTITUTIONAL AS APPLIED IN THIS CASE TO DEFENDANT.

{¶10} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION, WHEN IT FOUND THE DEFENDANT-APPELLANT GUILTY OF COUNT 1 OF THE INDICTMENT WHEN SAID FINDINGS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT APPLIED AN INCORRECT LEGAL STANDARD IN EVALUATING THE EVIDENCE. THE IMAGE ASSOCIATED WITH

COUNT 1 DID NOT HAVE "LEWD CONTENT" OR A "GRAPHIC FOCUS ON GENITALS" AND AS SUCH SHOULD NOT BE ILLEGAL TO "RECKLESSLY POSSESS" OR "RECKLESSLY TRANSFER." TO HOLD THAT VIEWING THE SPECIFIC IMAGE ASSOCIATED WITH COUNT 1 ON A PC AND TRANSFER OF THAT SPECIFIC IMAGE TO A PRINTER IS A CRIME, IS BOTH WRONG AND UNCONSTITUTIONAL. THIS ACTION BY THE COURT WAS IN VIOLATION OF APPELLANT'S 5" AND 14TH AMENDMENT RIGHTS, AND FURTHER VIOLATED HIS RIGHTS UNDER THE EQUAL PROTECTION CLAUSE."

I. & II.

**{¶11}** In his first two assignments of error, Bronkar claims the trial court erred in denying his motion to dismiss the Illegal Use of a Minor in Nudity Oriented Material or Performance because the statute R.C. 2907.323(A)(1) is unconstitutionally vague and overbroad.

**STANDARD OF APPELLATE REVIEW.**

**{¶12}** Bronkar's argument centers on an issue of law, not the discretion of the trial court. "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignments of error involve the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v.*

*Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

**ISSUE FOR APPEAL.**

**A.  *Whether* R.C. 2907.323(A)(1) is unconstitutionally vague and overbroad*.***

**{¶13}** In *Kolender v. Lawson,* the United State Supreme Court noted,

As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).  Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement."  *Smith, supra*, 415 U.S. at 574, 94 S.Ct., at 1247–1248.  Where the legislature fails to provide such minimal guidelines, a criminal

statute may permit "a standardless sweep [that] allows policemen,

prosecutors, and juries to pursue their personal predilections." Id., at 575,

94 S.Ct., at 1248.

461 U.S. 352, 357-358, 103 S.Ct. 1855, 75 L.Ed.2d 903(1983)(footnotes omitted).

{¶14} In discussing the First Amendment overbreadth doctrine, the United States Supreme Court has emphasized that,

Where a statute regulates expressive conduct, the scope of the

statute does not render it unconstitutional unless its overbreadth is not only

"real, but substantial as well, judged in relation to the statute's plainly

legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct.

2908, 2917, 37 L.Ed.2d 830 (1973). Even where a statute at its margins

infringes on protected expression, "facial invalidation is inappropriate if the

'remainder of the statute ... covers a whole range of easily identifiable and

constitutionally proscribable ... conduct....' " *New York v. Ferber*, 458 U.S.,

at 770, n. 25, 102 S.Ct., at 3362 n. 25.

*Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98(1990).

{¶15} In *Osborne*, the United States Supreme Court specifically found Ohio's

statute, R.C. 2907.323, passed constitutional muster on all issues of vagueness and

overbreadth, and was not an unconstitutional violation of the First Amendment. The

*Osborne* court reviewed subsection (A)(3). That section states,

(A) No person shall do any of the following:

(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:

(a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance.

(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred.

{¶16} In *State v. Hosseinipour*, this Court found that the rationale espoused in *Osbourne* concerning R.C. 2907.323(A)(3) applies with equal force to a violation of R.C. 2903.323(A)(1) the section to which Bronkar pled,

Both subsections refer to a "state of nudity." Although we are only concerned with a violation under R.C. 2907.323(A)(1), we find the *Osborne* case to be definitive and binding upon the constitutional issues presented sub judice. In *State v. Graves*, 184 Ohio App.3d 39, 2009–Ohio–974 (4th Dist.2009), ¶ 9, out brethren from the Fourth District stated the following:

Before we go further, we point out that both Young and Osborne involved R.C. 2907.323(A)(3), not subsection (A)(1). However, this fact makes no difference for purposes of our analysis. This court has previously held that the same "lewd" or "graphic focus on the genitals" that both Supreme Courts applied to an (A)(3) offense applies equally to an (A)(1) offense. *See State v. Walker* (1999), 134 Ohio App.3d 89, 94, 730 N.E.2d 419; *State v. Steele* (Aug. 21, 2001), Vinton App. No. 99CA530, 2001 WL 898748.

5th Dist. Delaware No. 13 CAA 05 0046, 2014-Ohio-1090, ¶13.

{¶17} The *Osborne* holding gives a green light to Ohio's statutory scheme:

The Ohio statute, on its face, purports to prohibit the possession of "nude" photographs of minors. We have stated that depictions of nudity, without more, constitute protected expression. *See Ferber* [*New York v.,* 458 U.S. 747], supra, at 765, n. 18, 102 S.Ct., at 3359, n. 18. Relying on this observation, Osborne argues that the statute as written is substantially overbroad. We are skeptical of this claim because, in light of the statute's exemptions and "proper purposes" provisions, the statute may not be substantially overbroad under our cases.* * * However that may be, Osborne's overbreadth challenge, in any event, fails because the statute, as construed by the Ohio Supreme Court on Osborne's direct appeal, plainly survives overbreadth scrutiny. Under the Ohio Supreme Court reading, the statute prohibits "the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity

constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged."  37 Ohio St.3d, at 252, 525 N.E.2d, at 1368.* * *By limiting the statute's operation in this manner, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous photographs of naked children.  We have upheld similar language against overbreadth challenges in the past.  In *Ferber*, we affirmed a conviction under a New York statute that made it a crime to promote the "'lewd exhibition of [a child's] genitals.'"  458 U.S., at 751, 102 S.Ct., at 3351.  We noted that "[t]he term 'lewd exhibition of the genitals' is not unknown in this area and, indeed, was given in *Miller* [*v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973),] as an example of a permissible regulation."  Id., at 765, 102 S.Ct., at 3359.

*Osborne*, 495 U.S. 103 at 112–114, 110 S.Ct. 1691, 109 L.Ed.2d 98.  *Accord, State v. Hosseinipour,* 2014-Ohio-1090, ¶14.

{¶18}  Upon review, we find R.C. 2907.323(A)(3) is constitutional, and is not void for vagueness or overbreadth.

{¶19}  Bronkar's First and Second Assignments of Error are overruled.

III.

{¶20}  In his Third Assignment of Error, Bronkar contends that there was insufficient evidence to convict him and /or the court's findings are against the manifest weight of the evidence.

**STANDARD OF APPELLATE REVIEW.**

**{¶21}** The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

**{¶22}** When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Walker,* at ¶30. "The relevant inquiry is whether, after *viewing the evidence in the light most favorable to the prosecution*, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. Emphasis added. *State v. Poutney,* 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds

unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

### ISSUE FOR APPEAL

**A. Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, "if believed, would convince the average mind of the defendant's guilt on each element of the crime beyond a reasonable doubt."**

{¶23} In the case at bar, Bronkar entered a plea of no contest to one count of Illegal Use of a Minor in Nudity Orientated Material or performance in violation of R.C. 2907.323(A)(1). That section provides,

(A) No person shall do any of the following:

(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor,

judge, or other person having a proper interest in the material or performance;

(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

*1). No Contest Plea.*

**{¶24}** R.C. 2937.07 sets forth the procedure for taking a no-contest plea in a misdemeanor case: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." See *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821(1995). Crim.R. 11 reiterates that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." A no contest plea may not be the basis for a finding of guilt without an explanation of circumstances that includes a statement of the facts that support all of the essential elements of the offenses. *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532(1984).The right to an explanation of circumstances is not abrogated by Crim.R. 11. *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 150, 459 N.E.2d 532(1984).

*2). R.C. 2907.323.*

**{¶25}** "The Ohio statute, on its face, purports to prohibit the possession of "nude" photographs of minors. We have stated that depictions of nudity, without more, constitute

protected expression.  *See Ferber, supra*, at 765, n. 18, 102 S.Ct., at 3359, n. 18."
*Osbourne v. Ohio*, 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98(1990).  The United
States Supreme Court recognized that the Ohio Supreme Court's interpretation of R.C.
2907.323 has engrafted an element onto the statute,

> Under the Ohio Supreme Court reading, the statute prohibits "the
> possession or viewing of material or performance of a minor who is in a
> state of nudity, where such nudity constitutes a lewd exhibition or involves
> a graphic focus on the genitals, and where the person depicted is neither
> the child nor the ward of the person charged."  [*State v. Young]* 37 Ohio
> St.3d, at 252, 525 N.E.2d, at 1368.  By limiting the statute's operation in this
> manner, the Ohio Supreme Court avoided penalizing persons for viewing or
> possessing innocuous photographs of naked children.

495 U.S. at 113-114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (footnote omitted).  In *State v.*
*Young,* the Ohio Supreme Court held at paragraph one of the syllabus,

> 1.  R.C. 2907.323(A)(3) prohibits the possession or viewing of
> material or performance of a minor who is in a state of nudity, where such
> nudity constitutes a lewd exhibition or involves a graphic focus on the
> genitals, and where the person depicted is neither the child nor the ward of
> the person charged.

**{¶26}**  The Ohio Supreme Court reached this conclusion observing,

> It is true that R.C. 2907.323(A)(3) does not expressly limit the
> prohibited state of nudity to a lewd exhibition or a graphic focus on the
> genitals.  Furthermore, we are aware that "* * * nudity, without more is

protected expression * * *," even where the subject depicted is a child. *New York v. Ferber* (1982), 458 U.S. 747, 765, fn. 18, 102 S.Ct. 3348, 3349 fn. 18, 73 L.Ed.2d 1113. However, when the "proper purposes" exceptions set forth in R.C. 2907.323(A)(3)(a) and (b) are considered, the scope of the prohibited conduct narrows significantly. The clear purpose of these exceptions, quoted supra, is to sanction the possession or viewing of material depicting nude minors where that conduct is morally innocent. Thus, the only conduct prohibited by the statute is conduct which is not morally innocent, i.e., the possession or viewing of the described material for prurient purposes. So construed, the statute's proscription is not so broad as to outlaw all depictions of minors in a state of nudity, but rather only those depictions which constitute child pornography.

*Young,* 37 Ohio St.3d at 251-252, 525 N.E.2d 1363. *See also, Osbourne v. Ohio,* 495 U.S. 103, 113, n.10, 110 S.Ct. 1691, 109 L.Ed.2d 98. The Ohio Supreme Court therefore held,

In the area of child pornography, the United States Supreme Court has directed that "[a]s with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the applicable state law, as written *or authoritatively construed.*" (Emphasis added.) *Ferber, supra*, at 764, 102 S.Ct. at 3358. As we construe it today, R.C. 2907.323(A)(3) prohibits the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition

or involves a graphic focus on the genitals, and where the person depicted

is neither the child nor the ward of the person charged.

*Young,* 37 Ohio St.3d at 252, 525 N.E.2d 1363.

**{¶27}** In *State v. Hosseinpour,* 5th Dist. Delaware No. 13 CAA 05 0046, 2014-Ohio-1090, we found R.C. 2907.323(A)(1) to which Bronkar pled in the case at bar and R.C. 2907.323(A)(3) discussed in *Osbourne* refer to a "state of nudity." We held, "Although we are only concerned with a violation under R.C. 2907.323(A)(1), we find the *Osborne* case to be definitive and binding upon the constitutional issues presented sub judice." ¶13.

**{¶28}** The only evidence concerning the pictures came from the testimony of Detective Scott Blanton. T., Aug. 18, 2017 at 10; T. Aug. 23, 2017 at 12. The substance of Detective Blanton's testimony is that the pictures depict pre-pubescent children in a state of nudity. T. Aug. 18, 2017 at 12; T. Aug. 23, 2017 at 14. The pictures also depicted adults and families. T. Aug. 18, 2017 at 19; 21. Detective Blanton testified that the pictures do no depict any children involved in sexual activity. T. Aug. 18, 2017 at 17. Nor do the photographs depict close-ups of any child's genitals. Id. at 17-18. Detective Blanton testified that the children depicted were not posing in a lewd manner. T. Aug. 18, 2017 at 18. The photographs appeared to be taken at a resort in France depicting adults, teenagers and children some of whom were dressed. T. Aug. 17, 2017 at 20-21. Other photographs appeared to have been taken at a European or Mediterranean beach. T. Aug. 18, 2017 at 21-22.

**{¶29}** In the case at bar, no photographs, video depictions, binders or computer files were admitted into evidence. The trial court made no finding that the photographs

depicted a "minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals." There is no evidence that Bronkar created, photographed, directed or produced any of the photographs.

{¶30} The record contains no evidence that any photograph depicted a minor in a state of nudity where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals. As both the United States Supreme Court and the Ohio Supreme Court has found this to be an essential element of the crime to which Bronkar pled, we find the record contains insufficient evidence to convict Bronkar of Illegal Use of a Minor in Nudity Orientated Material or performance in violation of R.C. 2907.323(A)(1).

{¶31} Bronkar's Third Assignment of Error is sustained.

**CONCLUSION.**

{¶32} Ohio's statute, R.C. 2907.323, passes constitutional muster on all issues of vagueness and overbreadth. Therefore, Bronkar's First and Second Assignments of Error are overruled.

{¶33} The record contains no evidence that any photograph depicted a minor in a state of nudity where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals. As both the United States Supreme Court and the Ohio Supreme Court has found this to be an essential element of the crime to which Bronkar pled, we find the record contains insufficient evidence to convict Bronkar of Illegal Use of a Minor in Nudity Orientated Material or performance in violation of R.C. 2907.323(A)(1).

{¶34} Section 3(B) (2), Article IV of the Ohio Constitution gives an appellate court the power to affirm, reverse, or modify the judgment of an inferior court.

{¶35} The judgment of the Muskingum County Court of Common Pleas is reversed.  Bronkar's conviction, sentence and sexual offender classification are vacated.

By: Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur